THOMAS WENTWORTH *vs.* IRA LEONARD & another

When a case is brought into this court from the court of common pleas by a bill of exceptions, no objection can be taken in this court which was not made in the court below.

If a judge, before whom an action is on trial, is of opinion, that the plaintiff, upon his whole evidence, is not entitled to recover, he may recommend a nonsuit on that ground; if he does so, and a nonsuit takes place, the plaintiff may allege exceptions; but if the judge is of opinion, that there is evidence to be considered by the jury, and declines to order a nonsuit, this decision is no. ground for exception.

Wentworth *v.* Leonard & another.

Where the signer of a receipt for goods attached promised thereby to keep the goods safely, and to redeliver them to the officer or his order, on demand, and, also, that if no demand should be made upon him, he would, within thirty days from the rendition of judgment, redeliver the goods, in order that they might be taken on the execution; it was held, that the officer might commence an action on the receipt, after the thirty days had elapsed, without a previous demand.

If goods, which have been mortgaged, and left in the possession of the mortgagor, are attached as his property, and, being receipted for, are redelivered to him, and are subsequently taken possession of, for the purpose of foreclosure, by the mortgagee, to whom the mortgagor releases his right of redemption, before judgment is rendered in the action upon which the goods are attached; these proceedings constitute no defence to an action by the officer on the receipt.

When property attached is receipted for and redelivered to the debtor, the receipter is liable therefor to the officer, whether, by the receipt and redelivery, he becomes the bailee and servant of the officer, to keep the goods as in the custody of the law, or an original contractor, bound, at his peril, to have the goods forthcoming according to the terms of the receipt.

This was an action of assumpsit, brought to recover the amount of an accountable receipt signed by the defendants, and tried before *Wells*, C. J., in the court of common pleas. The writ was dated the 29th of November, 1847.

The plaintiff, who was a constable of the city of Lowell, having a writ in his hands for service, in favor of Grenville Mears and another against John E. Cadmus, attached thereon certain articles of personal property, which he delivered to the defendants, upon their giving their receipt, signed also by Cadmus and Charles Flanders, undertaking for the safe keeping and redelivery of the goods to the plaintiff.

This receipt, which was dated the 28th of January, 1847, after reciting that the signers thereof had received the several articles of property enumerated therein of the plaintiff, the same having been attached by him on a writ against John E. Cadmus, in favor of Grenville Mears and another, concluded in the following terms:—

"We hereby promise and agree safely to keep and to redeliver all the property above mentioned to the said Wentworth or his order on demand in like good order and condition that the same is now in, free from all charge and expense to the above-named Wentworth or the creditor aforesaid; and we further agree that a demand on me shall be considered as binding on me; and we further agree, that if no demand be made upon me, we will, within thirty days

from the rendition of judgment in the action aforesaid, re-deliver all the above-described property aforesaid, that the same may be taken on execution."

Judgment was rendered in the action on which the property was attached, on the 14th of October, 1847; but no demand upon the defendants to redeliver the property to the plaintiff was proved to have been made.

Upon this evidence, the defendant objected that the action could not be maintained; but the judge ruled otherwise, and the trial proceeded.

The defendants then introduced evidence, that previous to the attachment, namely, on the 11th of September, 1844, Cadmus conveyed the property attached, by a mortgage duly recorded, and for a valuable consideration, to John P. Robinson; that about the 1st of March, 1847, Robinson took possession of the mortgaged property for foreclosure; that on the 11th of May, 1847, Cadmus released his right of redemption to Robinson, by whom the property was soon after sold; and that since the sale, the purchaser had been in possession of the property in the same shop which was occupied by Cadmus at the time of the attachment.

The presiding judge ruled that the foregoing proof could not avail the defendants, either as an answer to the action, or in reduction of damages. Whereupon the jury returned a verdict for the plaintiff, and the defendants excepted.

The defendants also took a further objection, in this court, that the action could not be maintained, unless it appeared that the execution was delivered to the officer, the plaintiff, within thirty days after the judgment; and that the court below ruled generally that the action could be maintained, although no such proof had then been given.

*T. Wentworth*, for the defendants.

*A. W. Farr*, (with whom was *B. F. Butler*,) for the plaintiff.

Shaw, C. J. This case, which is assumpsit on an account-able receipt for furniture, given by the three defendants to the plaintiff as an officer, for articles of property attached by him on mesne process, as the property of one of them

comes before the court, after a verdict for the plaintiff, on exceptions taken by the defendants.

An objection is now taken, that this action cannot be maintained, without proof that the execution was delivered by the plaintiff to the officer within thirty days after judgment, and that the court ruled, that the action could be maintained, though no such proof had then been given. But we think this question is not open here; because no such objection was taken at the trial, so that the judge's attention was not directed to that point.

The execution of the contract was admitted, and the time of the rendition of judgment was proved, but no demand upon the defendants to deliver the property was proved. When it was objected, that upon this evidence, the action could not be sustained, we think the judge was called upon, not to pronounce a judgment on the whole case, which he could not with propriety do in that stage of it, but to put a construction upon the instrument, and decide, whether, upon its terms, the defendants were liable without a demand. Such a question was fairly raised. The defendants, by the instrument, in the first instance, stipulated to deliver up the goods, on demand; and if the contract had stood there, no breach of it could have taken place without a special demand. But in a subsequent clause it was stipulated, that they should deliver them within thirty days after judgment, whether demanded or not. We think that all the judge was called on to decide, in that stage of the case, was, that on the true construction of the instrument, the defendants were liable without a special demand. Had the objection then been made, that the execution had not been delivered to the officer within thirty days, the judge might have decided that it was necessary and the proof might have been supplied, or the plaintiff might have voluntarily offered it, to preclude the question ; or, the judge might have ruled that it was not necessary, and then the question would have been open to the defendant on the exceptions. But this was not done; the question is not now open ; and it is unnecessary to express any opinion upon it.

In any other view of this objection, than as a question upon the construction of the contract, and whether there cannot be a breach without demand, it would be a request to the judge, in the nature of a motion, to order or rather to recommend a nonsuit, on the ground, that the plaintiff upon his whole evidence was not entitled to recover. This a judge may do if he is of that opinion, and it is often useful, in order to shorten a trial; and if he does so, it is open to exception on a report of the evidence. But if he is of a different opinion, if he thinks there is evidence to go to the jury, and declines ordering a nonsuit, it is no ground for exception.

Upon the matter of law, on the construction of the instrument, this court are of opinion that the decision of the court of common pleas was correct, and that by force of the last clause in the instrument, the defendants undertook to redeliver the attached property to the plaintiff, within thirty days of the rendition of judgment, though no demand should be made.

The other questions arose upon the matter offered by way of defence, the proof of which was rejected, because the judge was of opinion, that the facts, if proved, would not constitute a defence. The defence offered was in effect, that the goods had been taken from the defendants by a person having a title paramount to the attachment, which they could not resist. The facts proved, or to which proof was offered, were these: That long prior to the attachment made of the goods of Cadmus, by the plaintiff, Cadmus had mortgaged them to Robinson; that Cadmus, with two other persons, gave the officer the receipt in question; that thereupon the goods went back into the possession of Cadmus; that after this, to wit, in March, 1847, Robinson took possession of them; and that afterwards, and before judgment in the plaintiff's suit, on which they were attached, Cadmus released his right of redeeming them to Robinson.

We concur with the court, that these facts afforded no ground of defence. The goods were well attached by the plaintiff, notwithstanding the mortgage of them to Robin

son; the plaintiff, by force of the attachment, could hold them against every body but the mortgagee; and against him too, until he notified his debt to the officer, which he never did. If the goods remained bound by the attachment, the obtaining possession of them by Robinson, and the release to him by Cadmus, worked no forfeiture, and constituted no title paramount. If Robinson, finding the goods in the hands of his mortgagor, had a right to take possession of them, it was not because he had a title by his mortgage paramount to that of the plaintiff by his attachment, but because, by a redelivery of the goods into the possession of the debtor, the attachment was dissolved, and the mortgagee was remitted to his original title, as if no attachment had been made.

And this brings us to the only remaining consideration. It appears that after the attachment, the goods were restored to the possession of the debtor, upon a receipt given by him and two others, stipulating to have them forthcoming on th judgment.

Now, if by this proceeding the attachment was dissolved, as we suppose it was, then the defendants were not bailees and servants of the officer, to keep the attached goods, as goods in the custody of the law; but they were original contractors, bound, at their own peril, to have the goods forthcoming according to their undertaking.

But it is contended, that the goods still remained bound by the attachment; that the defendants were mere bailees and servants of the officer; and that when Robinson took the goods under a claim of right, the defendants could not resist, and could have no action to maintain their possession; because it has been adjudged, that the receipters of attached property in the custody of the law have not such title or interest, as will enable them to maintain an action.

It would be equally true, that they could maintain no action against a mere wrong-doer, and the argument proves too much. But suppose, for the sake of the argument, that the attachment was not dissolved; that the goods remained in the custody of the law; that the defendants were mere

bailees and servants; then the title and special property would have been in the plaintiff as the attaching officer, and it would have been the duty of the defendants, as such bailees and servants, to give immediate notice to him, that he might vindicate his and their rights by an action : not having done so, whether the attachment was or was not dissolved by the redelivery, we are of opinion, that the defendants were liable on their obligation.                     *Exceptions overruled.*